1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11    BRYANT EUGENE HARRISON,                    No. 2:15-CV-2657-CMK-P
12                    Plaintiff,
13          vs.                                  <u>ORDER</u>
14    RONALD DAVIS, et al.,
15                    Defendants.
16    _____/
17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to
18    42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.
19    § 636(c) and no other party has been served or appeared in the action.  Pending before the court
20    is plaintiff's complaint (Doc. 1) and plaintiff's response (Doc. 8) to the court's order to show
21    cause why this action should not be dismissed.
22            In the order to show cause, the court stated:
23                    In this case, plaintiff seeks release from custody based on
              various alleged improprieties with respect to his underlying state court
24            conviction.  When a state prisoner challenges the legality of his custody
              and the relief he seeks is a determination that he is entitled to an earlier or
25            immediate release, such a challenge is not cognizable under 42 U.S.C.
              § 1983 and the prisoner's sole federal remedy is a petition for a writ of
26            habeas corpus.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>see</u>

                                        1

1       also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City
    of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

2              Because it does not appear possible that the deficiencies
    identified herein can be cured by amending the complaint, plaintiff is not

3       entitled to leave to amend prior to dismissal of the entire action.  See
    Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

4       Plaintiff shall show cause in writing, within 30 days of the date of this
    order, why this action should not be dismissed for failure to state a claim.

5       Plaintiff is warned that failure to respond to this order may result in
    dismissal of the action for the reasons outlined above, as well as for failure

6       to prosecute and comply with court rules and orders.  See Local Rule 110.

7   In his response, entitled "Amendment Exercising Claim(s)," plaintiff argues that he has been

8   improperly denied parole consideration.  Plaintiff does not respond to the jurisdictional issue

9   addressed in the court's order to show cause.

10          Because plaintiff's claims relate to the fact or duration of his confinement, and not

11   to the conditions of his confinement, they are not cognizable under § 1983.

12          Accordingly, IT IS HEREBY ORDERED that:

13         1.     This action is dismissed for failure to state a cognizable claim;

14         2.     All pending motions are denied as moot; and

15         3.     The Clerk of the Court is directed to enter judgment and close this file.

16

17     DATED:  January 12, 2017

18

19                                 CRAIG M. KELLISON
                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26